IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**TONYA HOWARD and EBONY**             **PLAINTIFFS**
**JOHNSON, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                  No. 1:22-cv-2817

**TATE LEGACY INCORPORATED**           **DEFENDANTS**
**and DARLENE TATE**

<u>**ORIGINAL COMPLAINT—COLLECTIVE ACTION**</u>

Plaintiffs Tonya Howard and Ebony Johnson (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Colby Qualls and Josh Sanford of Sanford Law Firm, PLLC, for their Original Complaint—Collective Action ("Complaint") against Defendants Tate Legacy Incorporated and Darlene Tate (collectively "Defendant" or "Defendants"), state and allege as follows:

## I.     PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and the payment provisions of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA").

2. Plaintiffs seek declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendants' policy and

practice of failing to pay Plaintiffs and others similarly situated sufficient wages under the FLSA and the IMWL within the applicable statutory limitations period.

3.     Upon information and belief, within the three years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the IMWL as described, *infra*.

## II.     JURISDICTION AND VENUE

4.     The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.     This Complaint also alleges IMWL and IWPCA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

6.     Defendants conduct business within the State of Illinois.

7.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Illinois has personal jurisdiction over Defendants, and Defendants therefore "reside" in Illinois.

8.     The acts complained of herein were committed and had their principal effect against Plaintiffs within the Eastern Division of the Northern District of Illinois. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

9.     Plaintiff Tonya Howard ("Howard") is an individual and resident of Cook County.

10.     Plaintiff Ebony Johnson ("Johnson") is an individual and resident of Cook County.

10.     Separate Defendant Tate Legacy Incorporated ("TLI"), is a domestic, for-profit corporation.

11.     TLI's registered agent for service of process is Darlene Tate at 8211 South Vernon Avenue, Apartment 1S, Chicago, Illinois 60619.

12.     Separate Defendant Darlene Tate ("Tate") is an individual and resident of Illinois.

13.     Defendants do business as Tax Refund Max.

### IV.     FACTUAL ALLEGATIONS

14.     Defendants own and operate a tax preparation business.

15.     Tate is a principal, director, officer, and/or owner of TLI.

16.     Tate took an active role in operating TLI and in its management.

17.     Tate, in her role as an operating employer of TLI, had the power to hire and fire Plaintiffs, often supervised Plaintiffs' work and determined their work schedule, and made decisions regarding Plaintiffs' pay, or lack thereof.

18.     Tate, at relevant times, exercised supervisory authority over Plaintiffs in relation to their work schedules, pay policy and the day-to-day job duties that Plaintiffs' jobs entailed.

19.     During the relevant time, Defendants had at least two employees who engaged in interstate commerce or business transactions, or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

20.     Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

21.     Defendants were, at all times relevant hereto, Plaintiffs' employers and are and have been engaged in interstate commerce as that term is defined under the FLSA and the IMWL.

22.     In carrying out their duties, Plaintiffs regularly used instrumentalities of interstate commerce such as the internet and telephones.

23.     Plaintiffs were employed by Defendants within the three years preceding the filing of this lawsuit.

24.     Specifically, Defendants employed Howard from 2019 until April of 2022 and employed Johnson from November of 2019 until February of 2020.

25.     At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

26.     Defendants employed Plaintiffs as Tax Preparers.

27.     Defendants also employed other Tax Preparers within the three years preceding the filing of this lawsuit.

28.     At all relevant times herein, Defendant directly hired Plaintiff and other Tax Preparers to work on its behalf, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

29.     Defendants did not pay Plaintiffs either an hourly rate or a salary.

30. Defendants paid Plaintiffs a piece rate for each set of tax forms that they prepared.

31. Defendants paid other Tax Preparers a piece rate for each set of taxes they prepared.

32. Plaintiffs were not paid a weekly minimum guaranty pursuant to 29 C.F.R. § 541.604(b).

33. Upon information and belief, other Tax Preparers were not paid a weekly minimum guaranty pursuant to 29 C.F.R. § 541.604(b).

34. Plaintiffs regularly or occasionally worked over 40 hours in a week.

35. Upon information and belief, other Tax Preparers regularly or occasionally worked hours over 40 in a week.

36. Defendants did not pay Plaintiffs an overtime rate for hours worked over 40 in a week.

37. Defendants did not pay other Tax Preparers an overtime rate for hours worked over 40 in a week.

38. "Tax season" generally runs from November or December until February or March.

39. Defendants did not pay Plaintiffs or other Tax Preparers for any work performed during tax season until the end of tax season.

40. Defendants failed to pay Plaintiffs the piece rate for some of the taxes they prepared on Defendants' behalf, which upon information and belief dropped Plaintiffs' constructive hourly rate below the statutory minimum wage.

41. Upon information and belief, Howard incurred damages during most

weeks that she worked for Defendant including, without limitation, the weeks of February 7, 2022; February 14, 2022; and February 22, 2022.

42. Upon information and belief, Johnson incurred damages during most weeks that she worked for Defendant, including, without limitation, the weeks of February 3, 10 and 17, 2022.

43. Defendant did not provide a method by which Plaintiffs and other Tax Preparers could track their time.

44. Defendants assigned Plaintiffs and other Tax Preparers the work that they performed.

45. Defendant knew or should have known that Plaintiff and other Tax Preparers regularly or occasionally worked hours over 40 each week.

46. At all relevant times herein, Defendant has deprived Plaintiff and other Tax Preparers of sufficient wages for all hours worked.

47. Defendant knew or showed reckless disregard for whether its actions violated the FLSA, the IMWL and the IWPCA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

48. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be paid wages by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Overtime wages for all hours worked over 40 each week;

B. Liquidated damages; and

C.      Attorneys' fees and costs.

49.     Plaintiffs propose the following collective under the FLSA:

**All Tax Preparers within the past three years.**

50.     In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

51.     The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

52.     The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.      They worked for Defendant as Tax Preparers;

B.      They had the same or substantially similar job duties;

C.      They were paid a piece rate per set of taxes completed;

D.      They worked over forty hours in at least one week within the three years preceding the filing of this lawsuit; and

E.      They were not paid an overtime rate for hours worked over 40 in a week.

53.     Plaintiffs are unable to state the exact number of the collective but believe that the collective exceeds 10 persons.

54.     Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

55.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

56.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.     FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

57.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

58.     At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

59.     At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

60.     29 U.S.C. § 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

61.     During the period relevant to this lawsuit, Defendants misclassified Plaintiffs as exempt from the requirements of the FLSA.

62.     Despite the entitlement of Plaintiffs to overtime wages under the FLSA, Defendants failed to pay Plaintiffs 1.5x their regular hourly rate for all hours worked over 40 each week.

63.     Defendants knew or should have known that their actions violated the FLSA.

64.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

65.     By reason of the unlawful acts alleged herein, Defendants are liable to

Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

66.     Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

67.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.      SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the IMWL)

68.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the IMWL, 820 ILCS 105/1, *et seq.*

69.     At all relevant times, Defendants were Plaintiffs' "employers" within the meaning of the IMWL, 820 ILCS 105/3.

70.     IMWL, 820 ILCS 105/4(a)(1) requires employers to pay all employees a lawful minimum wage.

71.     IMWL, 820 ILCS 105/4a(1) requires employers to pay all employees 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2).

72.     Defendants failed to pay Plaintiffs a sufficient hourly wage for all hours worked in a week as required by the IMWL.

73.     Defendants failed to pay Plaintiffs 1.5x their regular hourly rate for all hours worked over 40 each week.

74.     Defendants knew or should have known that their practices violated the IMWL.

75.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

76.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, damages of 5% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid, costs, and a reasonable attorney's fee provided by the IMWL for all violations which occurred within the three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling. 820 ILCS 105/12.

77.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the IMWL, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.     THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the IWPCA)

78.     At all times relevant herein, Defendant was the "employer" of Plaintiffs within the meaning of the IWPCA.

79.     At all times relevant herein, Plaintiffs were the "employees" of Defendant within the meaning of the IWPCA.

80.     Section 4 of the IWPCA states that "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned." 820

ILCS 115/4.

81.    Section 2 of the IWPCA defines "final compensation" as "[p]ayments to separated employees" for "wages . . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties." 820 ILCS 115/2.

82.    Section 5 of the IWPCA states, "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

83.    Defendant did not pay Plaintiffs all wages and final compensation due.

84.    Section 14 of the IWPCA states, "Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover . . . the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees." 820 ILCS 115/14.

85.    Defendant knew or should have known that its actions violated the IWPCA.

86.    Plaintiffs are entitled to recover an award of unpaid wages and liquidated damages as provided for by the IWPCA, for a reasonable attorney's fee and costs.

## IX.    FOURTH CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

87.    Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals to recover monetary damages owed by Defendant to Plaintiffs and

members of the putative collective for unpaid wages for all the hours worked.

88.     29 U.S.C. § 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

89.     Defendant misclassified Plaintiffs and similarly situated employees as exempt from the requirements of the FLSA.

90.     Defendant failed to pay Plaintiffs and other similarly situated employees 1.5x their regular hourly rate for all hours worked over 40 each week.

91.     Defendant's conduct and practices, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

92.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

93.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## X.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Tonya Howard and Ebony Johnson, each individually and on behalf of all others similarly situated, respectfully pray

that each Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A.     That Defendants be required to account to Plaintiffs and the Court for all of the hours worked by Plaintiffs and others similarly situated, and all monies paid to them;

B.     Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the IMWL, the IWPCA and their related regulations;

C.     Judgment for damages for all unpaid wages owed to Plaintiffs and others similarly situated pursuant to the FLSA, the IMWL, the IWPCA and related regulations;

D.     Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the IMWL, the IWPCA and their related regulations;

E.     An order directing Defendants to pay Plaintiffs and others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**TONYA HOWARD and EBONY
JOHNSON, Each Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Colby Qualls*
Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com