IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**TONYA HOWARD and EBONY**                    **PLAINTIFFS**
**JOHNSON, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.               No. 1:22-cv-2817-MSS

**TATE LEGACY INCORPORATED**                    **DEFENDANTS**
**and DARLENE TATE**

## PLAINTIFFS' OPPOSED MOTION FOR CONDITIONAL CERTIFICATION, FOR APPROVAL AND DISTRIBUTION OF NOTICE, AND FOR DISCLOSURE OF CONTACT INFORMATION

Plaintiffs Tonya Howard and Ebony Johnson (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Colby Qualls and Josh Sanford of Sanford Law Firm, PLLC, for their Motion for Conditional Certification, for Approval and Distribution of Notice, and for Disclosure of Contact Information, state and allege as follows:

1. Plaintiffs brought this suit on behalf of certain former and current employees of Defendants Tate Legacy Incorporated and Darlene Tate (collectively "Defendant" or "Defendants"), to recover wages and other damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and the payment provisions of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA").

2. Plaintiffs brought this action as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs ask this Court to conditionally certify the following collective:

Page 1 of 5
Tonya Howard, et al. v. Tate Legacy Incorporated, et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2817-MSS
Motion for Conditional Certification, etc.

**All Tax Preparers since May 27, 2019.**

3. Section 216(b) of the FLSA provides that "[a]n action . . . may be maintained against any employer . . . by any one or more employees for and in behalf himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

4. Plaintiffs hereby move the Court to conditionally certify this lawsuit as a collective action for the purpose of providing notice of the action to members of the collective.

5. Plaintiffs and the members of the collective are sufficiently similarly situated that conditional certification of the proposed collective is appropriate, as explained in the Brief filed herewith.

6. The policy which gave rise to the violation in this case applies to all members of the collective. Therefore, they are similarly situated as that term is used in the FLSA.

7. Plaintiffs request that this Court permit them to distribute the attached Notice to potential opt-in Plaintiffs via U.S. mail and email, and that this Court permit Plaintiffs to distribute a reminder email or postcard thirty days after the date of mailing.

8. Attached as Exhibits 1 and 2, respectively, are the *Notice* and *Consent* to Join proposed by Plaintiffs for distribution in this case. Attached as Exhibits 3 is the email text proposed by Plaintiffs for electronic distribution in this case. The Notices and Consents to Join make no comment on the merits of the case. The Notices are narrowly drawn to notify potential collective members of the pending litigation, the composition of the collective and their right to "opt in" to the litigation.

Page 2 of 5
Tonya Howard, et al. v. Tate Legacy Incorporated, et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2817-MSS
Motion for Conditional Certification, etc.

9. Plaintiffs also request that the Court grant counsel a period of ninety (90) days—beginning on the date on which Defendants fully and completely release the potential collective members' contact information to Plaintiffs' counsel—during which to distribute the Notice and file opt-in Plaintiffs' Consent forms with this Court.

10. To facilitate the sending of the Notice and Consent forms, Plaintiffs also respectfully ask this Court to enter an Order directing Defendants to provide the names, last known addresses, and last known email addresses of potential opt-in plaintiffs in an electronically manipulable format such as Excel (.xls) no later than seven (7) days after the date of the entry of the Order.

11. Plaintiffs incorporate their Brief in Support of the current Motion, filed concurrently with this Motion.

12. In support of the current Motion, Plaintiffs incorporate the following exhibits:

Ex. 1: Proposed Notice of Right to Join Lawsuit ("*Notice*");
Ex. 2: Proposed Consent to Join Collective Action ("*Consent to Join*");
Ex. 3: Proposed Text of Electronic Transmissions ("*Electronic Transmissions*");
Ex. 4: Proposed Reminder Postcard ("*Postcard*");
Ex. 5: Declaration of Attorney Josh Sanford; and
Ex. 6: Declaration of Tonya Howard.

13. Plaintiffs' counsel has conferred with Defendants' counsel, and this Motion is opposed.

14. Plaintiffs' counsel proposes that the briefing schedule be set as follows: any responsive brief due by December 14, 2022, and any reply brief due by December 21, 2022.

WHEREFORE, premises considered, Plaintiffs pray that the Court:

A. Conditionally certify the collective proposed by Plaintiffs;

B. Approve of the use of U.S. Mail and email to distribute Plaintiffs' proposed

Page 3 of 5
Tonya Howard, et al. v. Tate Legacy Incorporated, et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2817-MSS
Motion for Conditional Certification, etc.

Notice and Consent to Join;

  C. Grant approval to the form and content of Exhibits 1–4 for use in providing notice to the potential collective members via the methods described in this Motion;

  D. Order Defendants to produce the names and last known mailing addresses and email addresses of each potential opt-in Plaintiff in an electronically importable and malleable electronic format, such as Excel, within seven days after this Court's Order is entered;

  E. Allow for an opt-in period of ninety (90) days, to begin seven days after the day that Defendants produce the names and contact information for the putative collective members, in which putative collective members may submit their Consents to Join this lawsuit as opt-in plaintiffs;

  F. Grant Plaintiffs leave to send a follow-up reminder via email or U.S. Mail, beginning thirty (30) days after the opt-in period begins, to potential plaintiffs who have not responded to the Notice; and

  G. Award costs and a reasonable attorney's fee and grant all other relief to which Plaintiffs may be entitled, whether specifically prayed for or not.

  Respectfully submitted,

**TONYA HOWARD and EBONY JOHNSON, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Page 4 of 5
Tonya Howard, et al. v. Tate Legacy Incorporated, et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2817-MSS
Motion for Conditional Certification, etc.

/s/ Colby Qualls
Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com


/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that on the date imprinted by the CM/ECF system, a copy of the foregoing MOTION was filed via the CM/ECF system, which will provide notice to the following attorneys of record:

Te D. Smith, Esq.
Smith Attorneys Group at Law P.C.
47 W. Polk Street, Suite 545
Chicago, IL 60605
(708) 433-9138
tsmith@saglawpc.com
Attorney for Defendants

/s/ Colby Qualls
**Colby Qualls**

Page 5 of 5
**Tonya Howard, et al. v. Tate Legacy Incorporated, et al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2817-MSS**
**Motion for Conditional Certification, etc.**