IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**TONYA HOWARD and EBONY**            **PLAINTIFFS**
**JOHNSON, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.            No. 1:22-cv-2817-MSS

**TATE LEGACY INCORPORATED**            **DEFENDANTS**
**and DARLENE TATE**

**PLAINTIFFS' UNOPPOSED MOTION FOR CONDITIONAL CERTIFICATION,**
**FOR APPROVAL AND DISTRIBUTION OF NOTICE, AND**
**FOR DISCLOSURE OF CONTACT INFORMATION**

Plaintiffs Tonya Howard and Ebony Johnson (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Colby Qualls and Josh Sanford of Sanford Law Firm, PLLC, for their Unopposed Motion for Conditional Certification, for Approval and Distribution of Notice, and for Disclosure of Contact Information, state and allege as follows:

1. On May 27, 2022, Plaintiffs filed this action, on behalf of themselves and all others similarly situated, alleging that they were not properly paid overtime in violation of the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act. ECF No. 1.

2. On November 28, 2022, Plaintiffs filed an Opposed Motion for Conditional Certification, for Approval and Distribution of Notice and for Disclosure of Contact Information, seeking conditional certification of a collective class under the FLSA, consisting of, "All Tax Preparers since May 27, 2019." ECF No. 15. Defendants'

Page 1 of 6
Tonya Howard, et al. v. Tate Legacy Incorporated, et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2817-MSS
Unopposed Motion for Conditional Certification, etc.

response is currently due on January 10, 2023, and Plaintiffs' reply is due on January 24, 2023. ECF No. 19.

3. Counsel for the Parties have since conferred and Defendants do not oppose conditional certification of the following collective class: "All Tax Preparers since May 27, 2019."

4. As a result, Plaintiffs' Opposed Motion for Conditional Certification, for Approval and Distribution of Notice and for Disclosure of Contact Information (ECF No. 15) is moot.

5. The Parties stipulate that the members of the proposed collective are similarly situated solely for the purposes of conditional certification of this collective action.

6. Section 216(b) of the FLSA provides that "[a]n action . . . may be maintained against any employer . . . by any one or more employees for and in behalf himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The Supreme Court has expressly held that courts may implement the collective action procedure by facilitating the issuance of notice to potential class members. *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989). Court-authorized notice protects against misleading communications by the parties, resolves the parties' disputes regarding the content of any notice, prevents the proliferation of multiple individual lawsuits, assures that joined of additional parties is accomplished properly and efficiently, and expedites resolution of the dispute. *Id.* at 170-72.

7. By stipulating to conditional certification of the FLSA collective, Defendants do not admit that they have in any way violated the FLSA or any other law

Page 2 of 6
Tonya Howard, et al. v. Tate Legacy Incorporated, et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2817-MSS
Unopposed Motion for Conditional Certification, etc.

and do not waive their right to contest this case on the merits or to argue later that the FLSA collective should be decertified.

8. Plaintiffs hereby move the Court to conditionally certify this lawsuit as a collective action for the purpose of providing notice of the action to members of the collective.

9. Plaintiffs request that this Court permit them to distribute the attached Notice to potential opt-in Plaintiffs via U.S. mail and email, and that this Court permit Plaintiffs to distribute a reminder email and postcard thirty days after the date of mailing.

10. Attached as Exhibits 1 and 2, respectively, are the *Notice* and *Consent* to Join proposed by Plaintiffs for distribution in this case. Attached as Exhibits 3 is the email text proposed by Plaintiffs for electronic distribution in this case. Attached as Exhibit 4 is the proposed reminder postcard. The Notices and Consents to Join make no comment on the merits of the case. The Notices are narrowly drawn to notify potential collective members of the pending litigation, the composition of the collective and their right to "opt in" to the litigation.

11. To facilitate the sending of the Notice and Consent forms, Plaintiffs respectfully ask this Court to enter an Order directing Defendants to provide the names, last known addresses, and last known email addresses of potential opt-in plaintiffs in an electronically manipulable format such as Excel (.xls) no later than seven (7) days after the date of the entry of the Order.

12. Plaintiffs also request that the Court grant counsel a period of ninety (90) days— to begin seven days after the date on which Defendants fully and completely re-

Page 3 of 6
Tonya Howard, et al. v. Tate Legacy Incorporated, et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2817-MSS
Unopposed Motion for Conditional Certification, etc.

lease the potential collective members' contact information to Plaintiffs' counsel—during which to distribute the Notice and file opt-in Plaintiffs' Consent forms with this Court.

13. In support of the current Unopposed Motion, Plaintiffs incorporate the following exhibits:

Ex. 1: Proposed Notice of Right to Join Lawsuit ("*Notice*");
Ex. 2: Proposed Consent to Join Collective Action ("*Consent to Join*");
Ex. 3: Proposed Text of Electronic Transmissions ("*Electronic Transmissions*");
Ex. 4: Proposed Reminder Postcard ("*Postcard*").

14. Plaintiffs' counsel has conferred with Defendants' counsel, and this Motion is unopposed.

WHEREFORE, premises considered, Plaintiffs pray that the Court:

A. Conditionally certify the collective proposed by Plaintiffs;

B. Approve of the use of U.S. Mail and email to distribute Plaintiffs' proposed Notice and Consent to Join;

C. Grant approval to the form and content of Exhibits 1–4 for use in providing notice to the potential collective members via the methods described in this Motion;

D. Order Defendants to produce the names and last known mailing addresses and email addresses of each potential opt-in Plaintiff in an electronically importable and malleable electronic format, such as Excel, within seven days after this Court's Order is entered;

E. Allow for an opt-in period of ninety (90) days, to begin seven days after the day that Defendants produce the names and contact information for the putative collective members, in which putative collective members may submit their Consents to Join this lawsuit as opt-in plaintiffs; and

F. Grant Plaintiffs leave to send a follow-up reminder via email and U.S. Mail,

Page 4 of 6
Tonya Howard, et al. v. Tate Legacy Incorporated, et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2817-MSS
Unopposed Motion for Conditional Certification, etc.

beginning thirty (30) days after the opt-in period begins, to potential plaintiffs who have not responded to the Notice.

    Respectfully submitted,

    **TONYA HOWARD and EBONY JOHNSON, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

    SANFORD LAW FIRM, PLLC
    Kirkpatrick Plaza
    10800 Financial Centre Pkwy, Suite 510
    Little Rock, Arkansas 72211
    Telephone: (501) 221-0088
    Facsimile: (888) 787-2040

    */s/ Colby Qualls*
    Colby Qualls
    Ark. Bar No. 2019246
    colby@sanfordlawfirm.com

    */s/ Josh Sanford*
    Josh Sanford
    Ark. Bar No. 2001037
    josh@sanfordlawfirm.com

Page 5 of 6
Tonya Howard, et al. v. Tate Legacy Incorporated, et al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2817-MSS
Unopposed Motion for Conditional Certification, etc.

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that on the date imprinted by the CM/ECF system, a copy of the foregoing MOTION was filed via the CM/ECF system, which will provide notice to the following attorneys of record:

Te D. Smith, Esq.
Smith Attorneys Group at Law P.C.
47 W. Polk Street, Suite 545
Chicago, IL 60605
(708) 433-9138
tsmith@saglawpc.com
Attorney for Defendants

                                                                                   */s/ Colby Qualls*
                                                                                    **Colby Qualls**

**Page 6 of 6**
**Tonya Howard, et al. v. Tate Legacy Incorporated, et al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-2817-MSS**
**Unopposed Motion for Conditional Certification, etc.**