IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**TONYA HOWARD and EBONY JOHNSON, Each Individually and on Behalf of All Others Similarly Situated**           **PLAINTIFFS**

vs.                              No. 1:22-cv-2817-BWJ

**TATE LEGACY INCORPORATED and DARLENE TATE**           **DEFENDANTS**

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiffs Tonya Howard and Ebony Johnson, and Defendants Tate Legacy Incorporated and Darlene Tate, by and through their respective undersigned counsel, hereby seek approval of their Global Release and Settlement ("Agreement") resolving all claims in this lawsuit.

### I.   INTRODUCTION

This case concerns claims of unpaid overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and the payment provisions of the Illinois Wage Payment and Collection Act, 820 ILCA 115/1, *et seq*. ("IWPCA") originally brought by Plaintiffs on May 27, 2022. ECF No. 1. Plaintiffs asserted that Defendants failed to pay them overtime compensation at the correct rate of 1.5 times their regular rate of pay for all hours worked in excess of 40 in each week. *Id*. Plaintiffs and Defendants agree that a bona fide dispute exists with regard to Plaintiff's claims for unpaid overtime.

Page 1 of 5
**Tonya Howard, et al. v. Tate Legacy Incorporated, et al.
U.S.D.C. (N.D. Ill.) No. 1:22-cv-2817-BWJ
Joint Motion for Approval of Settlement**

Following formal and informal discovery including the provision of Plaintiffs' pay records for the relevant months, counsel for the parties entered into arms-length settlement discussions and thereafter entered into a settlement. Ultimately the parties memorialized the terms of their settlement in the fully executed Agreement attached hereto as Exhibit 1.

Courts in the Seventh Circuit regularly require approval of FLSA settlements. *See Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 306 (7th Cir.1986) (citing *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)). A plaintiff may compromise a claim under the FLSA pursuant to a court-authorized settlement of an action alleging a violation of the FLSA. *See e.g. Lynn's Food Stores, Inc.*, 679 F.2d at 1355. When reviewing a proposed FLSA settlement, the district court must scrutinize the settlement for fairness and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id. at 1353, 1355. If a settlement in a FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

## II. ARGUMENT

### A. Terms of the Settlement

Under the terms of the settlement, Defendants will pay a total of $40,000.00 in the form of yearly payments of $10,000.00, beginning on April 1, 2024. Plaintiffs and their counsel have specifically weighed the potential value of the claims based on time and pay records gathered from the Parties related to the alleged improper overtime calculation against the potential for receiving nothing at trial. From this, Plaintiffs have concluded that the proposed settlement provides a fair and reasonable resolution of the claims. Defendants

Page 2 of 5
Tonya Howard, et al. v. Tate Legacy Incorporated, et al.
U.S.D.C. (N.D. Ill.) No. 1:22-cv-2817-BWJ
Joint Motion for Approval of Settlement

support this result because it eliminates the uncertainties, risks, and cost of further litigation and appeals, despite Defendants' denial of the claims.

Before entering into settlement discussions, Plaintiff's counsel calculated Plaintiffs' maximum damages using their payroll information, their weekly hours worked, and their piece rate of pay. The calculations involved multiplying Plaintiffs' estimated weekly hours worked over 40 by an overtime premium of 0.5 times their regular rate. Under the terms of the settlement, Plaintiffs are each receiving an amount in excess of these lost overtime damages.

While Plaintiffs would have sought treble damages and statutory penalties had this case gone to trial, Plaintiffs' ultimate success at trial was far from assured. Plaintiffs stood a significant chance of an ultimate determination that they did not work as many hours as they alleged. Plaintiffs chose to eliminate this risk by entering into the present settlement. Further, Defendants' ability to pay was a significant factor in arriving at the settlement amount. Instead of having the possibility of winning a later judgment which would likely have been uncollected, Plaintiffs chose to accept the settlement amount and work with Defendants for the best chance to recover for their claims.

B. <u>Attorneys' Fees</u>

The FLSA entitles a prevailing plaintiff, "including a plaintiff who favorably settles his claims," to recover "a reasonable attorney's fee . . . and costs of the action." *De La Riva v. Houlihan Smith & Co.*, No. 10 C 8206, 2013 U.S. Dist. LEXIS 136339, at *3 (N.D. Ill. Sep. 24, 2013); *Koch v. Jerry W. Bailey Trucking, Inc.*, No. 1:14-CV-72-HAB, 2021 U.S. Dist. LEXIS 132353, at *5-6 (N.D. Ind. July 16, 2021) (quoting 29 U.S.C. § 216(b)). Similarly, the IMWL provides that "a prevailing party 'may recover…costs and such reasonable attorney's

Page 3 of 5
Tonya Howard, et al. v. Tate Legacy Incorporated, et al.
U.S.D.C. (N.D. Ill.) No. 1:22-cv-2817-BWJ
Joint Motion for Approval of Settlement

fees as may be allowed by the Court.'" *Kurgan v. Chiro One Wellness Centers, LLC*, No. 10-cv-1899, 2015 U.S. Dist. LEXIS 52006, at *5-6 (N.D. Ill. Apr. 21, 2015) (quoting 820 ILCS 105/12(a)). To determine a reasonable hourly rate, the Court refers "to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

Consistent with their contingency agreement with Plaintiffs of 40% of the total settlement plus incurred costs, Plaintiffs' counsel are to receive an agreed $16,535.40 as part of the settlement. Plaintiffs' counsel submit that this amount is reasonable and that they worked over 115.5 hours on the case, incurring over $26,135.00 in incurred fees and costs at a blended hourly rate of $226.27. Counsel for Plaintiffs took the case from the complaint drafting stage through formal and informal discovery. Finally, significant work was performed in damages calculations and settlement negotiations. Plaintiffs' counsel aver that this amount is reasonable in light of the amount of work performed on this case as well as the results and substantial benefits conferred upon Plaintiffs. Should the Court require this level of detail, Plaintiff's counsel will provide their billing information.

### III. CONCLUSION

WHEREFORE, for the reasons stated above, Plaintiffs and Defendants respectfully request that the Court approve the settlement reached between the Parties, dismiss the case with prejudice, and for all other just and proper relief.

Page 4 of 5
**Tonya Howard, et al. v. Tate Legacy Incorporated, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:22-cv-2817-BWJ**
**Joint Motion for Approval of Settlement**

        Respectfully submitted,

        **TONYA HOWARD and EBONY JOHNSON, PLAINTIFFS**

        SANFORD LAW FIRM
        Kirkpatrick Plaza
        10800 Financial Centre Pkwy, Suite 510
        Little Rock, Arkansas 72211
        Telephone: (800) 615-4946
        Facsimile: (888) 787-2040

        */s/ Josh Sanford*
        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com

  **and**  **TATE LEGACY INCORPORATED and DARLENE TATE**

        SMITH ATTORNEYS
        GROUP AT LAW P.C.
        47 W. Polk Street, Suite 545
        Chicago, Illinois 60605
        Telephone: (708) 433-9138

        */s/ Te D. Smith*
        Te D. Smith
        NJ Bar No. 229812017
        tsmith@saglawpc.com

## **CERTIFICATE OF SERVICE**

  I, the undersigned counsel, do hereby certify that on the date imprinted by the CM/ECF system, a copy of the foregoing was filed via the CM/ECF system, which will provide notice to the following attorney of record:

Te D. Smith
SMITH ATTORNEYS GROUP AT LAW P.C.
47 W. Polk Street, Suite 545
Chicago, Illinois 60605
Telephone: (708) 433-9138
tsmith@saglawpc.com

        */s/ Josh Sanford*
        **Josh Sanford**

Page 5 of 5
Tonya Howard, et al. v. Tate Legacy Incorporated, et al.
U.S.D.C. (N.D. Ill.) No. 1:22-cv-2817-BWJ
Joint Motion for Approval of Settlement