# GLOBAL RELEASE AND SETTLEMENT

This Settlement and Release of Claims Agreement ("**Agreement**") is entered into by and between Darlene Tate, (in her personal capacity) and Tate Legacy Incorporated a state of Illinois Corporation **("Defendant"),** on behalf of itself, its parent(s), subsidiaries, and other corporate affiliates, and each of their respective present officers, directors, owners, shareholders, and agents, individually and in their official capacities (collectively referred to as the ("**Defendant**"), and Tonya Howard and Ebony Johnson **(**collectively **"Former Plaintiffs"),** residing within the state of Illinois (Defendant and Plaintiffs are collectively referred to as "**Parties**"), and hereby execute this Agreement as of **March  7 , 2024** ("**Execution Date**").

WHEREAS, Defendant has denied every allegation of wrongdoing contained in Plaintiffs' Complaint filed in the Northern District of Illinois Eastern Division (the "Court"), Case # 1:22-cv-03665 (the "**Action**") and in any other papers filed or served by or on behalf of Plaintiffs in this matter or before any court.

WHEREAS, the Court has made no findings as to the merits of the Action.

WHEREAS, the Parties desire to resolve the Action without further litigation or adjudication.

NOW, THEREFORE, in consideration of the promises and obligations set forth in this Agreement, the Parties agree as follows:

1. <u>No Admission of Liability</u>. Nothing in this Agreement shall be construed to be an admission by Defendant of any wrongdoing or noncompliance with any federal, state, or local rule, ordinance, constitution, statute, contract, public policy, wage and hour law, wage payment law, tort law, common law, or any other unlawful conduct, liability, wrongdoing, or breach of any duty whatsoever. Defendant specifically disclaims and denies any wrongdoing or liability to /Plaintiffs.

2. <u>Payment</u>. In consideration of Plaintiffs' execution of and compliance with this Agreement, including Plaintiffs' waiver and release of claims in Sections 3 and Section 4, Defendant agrees to provide the following benefits to which /Plaintiffs are not otherwise entitled, provided that Plaintiffs have not revoked this Agreement in accordance with its terms:

The payments outlined in this Section 2 shall be delivered to Sanford Law Firm, PLLC 10800 Financial Centre Pkwy Suite 510, Little Rock, AR 72211 by installment payments equaling a total of Forty Thousand Dollars ($40,000) with the first installment payment of $10,000 due April 1, 2024; a second payment of $10,000 due April 1, 2025; a third payment of $10,000 due April 1, 2026; a fourth and final payment of $10,000 due April 1, 2027. The Sanford Law Firm will distribute these payments as set forth in the payment plan attached as Appendix 1. Should any payment in this schedule become due and payable before the Court enters an Order approving this Agreement, counsel for Defendant will hold the payment in trust and distribute it to Plaintiffs and their counsel immediately upon the Court's approval of this Agreement.

Notwithstanding anything to the contrary, Defendant's obligations to make any payments under this Agreement are expressly conditioned on Plaintiffs' or Plaintiffs' counsel

delivering to Defendant and filing with the Courts a signed Motion for Approval of Settlement, which will request the Court's approval of this Agreement and dismissal of the Action with prejudice.

Contemporaneous with Defendant's execution of this Agreement, Defendant will execute the Consent Judgment attached hereto as Appendix 2.

Plaintiffs agree and acknowledge that Defendant and its counsel have not made any representations to Plaintiffs regarding the tax consequences of any payments or amounts received by Plaintiffs pursuant to this Agreement. Plaintiffs agree to indemnify Defendant against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed on the settlement payments.

Plaintiffs represent that Plaintiffs have not made any claims or allegations related to unlawful employment practices, sexual harassment, or sexual abuse, and that none of the payments set forth in this Agreement are related to unlawful employment practices, sexual harassment, or sexual abuse.

Plaintiffs further agree and acknowledge that Plaintiffs have been properly paid for all hours worked for Defendant, that all salary, wages, commissions, bonuses, and other compensation due to Plaintiffs have been paid, and that Plaintiffs are not owed anything else from Defendant other than as provided for in this Agreement.

3. <u>General Release and Waiver of Claims</u>. In exchange for the consideration provided by Defendant in this Agreement, Plaintiffs and Plaintiffs' heirs, executors, representatives, administrators, agents, insurers, and assigns (collectively the "**Releasors**") irrevocably and unconditionally fully and forever waive, release, and discharge Defendant, including Defendant's parent company, subsidiaries, affiliates, predecessors, successors, joint Employer and assigns, and each of its and their respective agents, officers, directors, employees, shareholders, trustees, partners, and other related persons or entities, in their corporate and individual capacities (collectively, the "**Released Parties**"), from any and all claims, demands, actions, causes of actions, judgments, rights, fees, damages, debts, obligations, liabilities, and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown (collectively, "**Claims**"), that Releasors may have or have ever had against the Released Parties, or any of them, arising out of, or in any way related to Plaintiffs' hire, benefits, employment, termination, or separation from employment with Defendant by reason of any actual or alleged act, omission, transaction, practice, conduct, occurrence, or other matter from the beginning of time up to and including the date of Plaintiffs' execution of this Agreement, including, but not limited to:

(a) any and all claims under Title VII of the Civil Rights Act of 1964 (Title VII), the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA) (regarding existing but not prospective claims) the Fair Labor Standards Act (FLSA), the Equal Pay Act, the Plaintiffs Retirement Income Security Act (ERISA) (regarding unvested benefits), the Civil Rights Act of 1991, Section 1981 of U.S.C. Title 42, the Fair Credit Reporting Act (FCRA), the Worker Adjustment and Retraining Notification (WARN) Act, the National Labor Relations Act (NLRA), the Age Discrimination in Employment Act (ADEA), the Uniform Services Employment and Reemployment Rights Act (USERRA), the Genetic Information Nondiscrimination Act (GINA),, the Immigration Reform and Control Act (IRCA), the Illinois Human Rights Act

(IHRA), the Right to Privacy in the Workplace Act, the Illinois Worker Adjustment and Retraining Notification Act, the Illinois One Day Rest in Seven Act, the Illinois Union Plaintiffs Health and Benefits Protection Act, the Illinois Employment Contract Act, the Illinois Labor Dispute Act, Illinois Minimum Wage Law (IMWL), Illinois Wage Payment Collection Act (IWPCA), the Victims' Economic Security and Safety Act, the Illinois Whistleblower Act, the Illinois Equal Pay Act, the Illinois Biometric Information Privacy Act, Illinois Constitution, Cook County Human Rights Ordinance, Chicago Human Rights Ordinance, OTHER EMPLOYMENT RELATED LOCAL OR COUNTY CODE OR ORDINANCE, all including any amendments and their respective implementing regulations, and any other federal, state, local, or foreign law (statutory, regulatory, or otherwise) that may be legally waived and released; however, the identification of specific statutes is for purposes of example only, and the omission of any specific statute or law shall not limit the scope of this general release in any manner;

      (b)    any and all claims for compensation of any type whatsoever, including but not limited to claims for salary, wages, bonuses, commissions, incentive compensation, paid leave, vacation, sick pay, or severance;

      (c)    any and all claims arising under tort, contract, or quasi-contract law, including but not limited to claims of breach of an express or implied contract, tortious interference with a contract or prospective business advantage, breach of the covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, invasion of privacy, nonphysical injury, personal injury or sickness, or any other harm, wrongful or retaliatory discharge, fraud, defamation, false imprisonment, and negligent or intentional infliction of emotional distress; and

      (d)    any and all claims for monetary or equitable relief, including but not limited to attorneys' fees and costs, back pay, front pay, reinstatement, experts' fees, medical fees or expenses, costs and disbursements, punitive damages, liquidated damages, and penalties; and

      (e)    indemnification rights that Plaintiffs have against Defendant.

4.    <u>Specific Release of ADEA Claims</u>. In further consideration of the payments and benefits provided to Plaintiffs in this Agreement, the Releasors hereby irrevocably and unconditionally waive, release, and discharge the Released Parties from any and all Claims, whether known or unknown, from the beginning of time through the date of Plaintiffs' execution of this Agreement, arising under the Age Discrimination in Employment Act (ADEA), as amended, and its implementing regulations. By signing this Agreement, Plaintiffs hereby acknowledge and confirm that:

      (a)    Plaintiffs have read this Agreement in its entirety and understands all of its terms;

      (b)    by this Agreement, Plaintiffs have been advised in writing to consult with an attorney, and have consulted with such counsel to the extent Plaintiffs have deemed necessary before signing this Agreement;

      (c)    Plaintiffs knowingly, freely, and voluntarily agree to all of the terms and

conditions set out in this Agreement including, without limitation, the waiver, release, and covenants contained in it;

(d) Plaintiffs are executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which Plaintiffs are otherwise entitled;

5. <u>Motion for Approval of Settlement</u>. Within three (3) days of complete execution of this Agreement, the Parties will file a Motion for Approval of Settlement and Dismissal with Prejudice in the Action. Defendant's obligations under this Agreement are expressly conditioned on the Court's order dismissing the Action with prejudice.

6. <u>Confidentiality</u>.

(a) Confidentiality of Agreement. Plaintiffs represent, warrant, and confirms that Plaintiffs have not disclosed or discussed, orally or in writing, the negotiations and discussions leading to this Agreement, the existence of this Agreement, or any of its terms or conditions with any person, organization, or entity other than Plaintiffs' spouse, attorney, or tax advisor. Plaintiffs agree to maintain confidentiality, except as required by law (including testifying pursuant to a court order, subpoena, or written request in an administrative, legislative, or judicial proceeding concerning alleged criminal conduct or alleged unlawful employment practices on the part of the Defendant), regarding , the negotiations and discussions leading to this Agreement, and the existence and substance of this Agreement, including the amount paid under this Agreement, except that Plaintiffs may disclose this Agreement to their respective spouse, attorney, and tax advisor. Upon receipt of an inquiry regarding the Action or this Agreement from someone other than /Plaintiffs' spouse, attorney, or tax advisor, the Parties shall state only that "the matter has been resolved." If Plaintiffs are required by law or pursuant to a subpoena to disclose information regarding the Action or this Agreement, Plaintiffs agree to promptly provide written notice to Darlene Tate and Tate Legacy Incorporated:

Tate Legacy Incorporated
6445 S. Cottage Grove
Chicago, Illinois 60637

Confidentiality is the documented preference of the Plaintiffs and benefits both Parties.

7. <u>Waiver of Future Employment</u>. Plaintiffs waive all rights and claims to reinstatement as employees with Defendant and agree that Plaintiffs will not knowingly seek or accept future employment with Defendant or Defendant's parents, subsidiaries, and other corporate affiliates or with any successor or assign. Plaintiffs agree that if Defendant or Defendant's parents, subsidiaries, and other corporate affiliates or any successor or assign declines to employ Plaintiffs, they shall not be liable for any damages.

8. <u>Knowing and Voluntary Acknowledgment/Effective Date</u>. Plaintiffs specifically agree and acknowledge that:

(a) Plaintiffs have read this Agreement in its entirety and understand all of its

terms;

(b) by this Agreement, Plaintiffs have been advised to consult with an attorney before executing this Agreement, and have consulted with such counsel as Plaintiffs deemed necessary;

(c) Plaintiffs knowingly, freely, and voluntarily assent to all of its terms and conditions including, without limitation, the waiver, release, and covenants contained herein;

(d) Plaintiffs are executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which /Plaintiffs are otherwise entitled; and

(e) Plaintiffs are not waiving or releasing rights or claims that may arise after /Plaintiffs execute this Agreement.

9. <u>Non-Disparagement</u>. Plaintiffs agree and covenant that Plaintiffs shall not at any time make, publish, or communicate to any person or entity or in any public forum any defamatory or maliciously false, or disparaging remarks, comments, or statements concerning Tate Legacy Incorporated or its businesses, or any of its officers or directors or its existing customers, suppliers, investors, now or in the future.

10. <u>Successors and Assigns</u>. Defendant may freely assign this Agreement at any time. This Agreement shall inure to the benefit of Defendant and its successors and assigns. Plaintiffs shall not assign this Agreement in whole or in part. Any purported assignment by Plaintiffs shall be null and void from the initial date of the purported assignment.

11. <u>Governing Law, Jurisdiction, and Venue</u>. This Agreement and all matters arising out of or relating to this Agreement and Plaintiffs' employment by DEFENDANT whether sounding in contract, tort, or statute, for all purposes shall be governed by and construed in accordance with the laws of Illinois including its statutes of limitations without regard to any conflicts of laws principles that would require the laws of any other jurisdiction to apply. Any action or proceeding by either of the Parties to enforce this Agreement shall be brought only in the state or federal court located in the state of Illinois, county of Cook. The Parties hereby irrevocably submit to the non-exclusive jurisdiction of these courts and waive the defense of inconvenient forum to the maintenance of any action or proceeding in such venue.

12. <u>Attorneys' Fees and Costs</u>. If Plaintiffs breach any of the terms of this Agreement or the obligations articulated in it, to the extent authorized by Illinois law, Plaintiffs will be responsible for payment of all reasonable attorneys' fees and costs that Defendant incurred in the course of enforcing the terms of the Agreement, including demonstrating the existence of a breach and any other contract enforcement efforts.

13. <u>Entire Agreement</u>. Unless specifically provided herein, this Agreement contains all of the understandings and representations between Defendant and Plaintiffs relating to the subject matter and supersedes all prior and contemporaneous understandings, discussions, agreements, representations, and warranties, both written and oral, regarding such subject matter; provided, however, that nothing herein modifies, supersedes, voids, or otherwise alters Plaintiffs'

CONFIDENTIALITY AND NON-COMPETE with Defendant, which remain in full force and effect. In the event of any inconsistency between this Agreement or any other agreement between Plaintiffs and Defendant the statements in THIS Agreement shall control.

14. <u>Remedies and Enforcement</u>. In the event of a breach or threatened breach by Plaintiffs of any of the provisions of this Agreement, Plaintiffs hereby consent and agree that money damages would not afford an adequate remedy and that Defendant shall be entitled to seek a temporary or permanent injunction or other equitable relief against such breach or threatened breach from any court of competent jurisdiction, without the necessity of showing any actual damages, and without the necessity of posting any bond or other security. Any equitable relief shall be in addition to, not in lieu of, legal remedies, monetary damages, or other available relief.

The Parties mutually agree that this Agreement can be specifically enforced in any court of competent jurisdiction and can be cited as evidence in legal proceedings alleging breach of this Agreement.

15. <u>Modification and Waiver.</u> No provision of this Agreement may be amended or modified unless the amendment or modification is agreed to in writing and signed by Plaintiffs and by Defendant. No waiver by any Party of any breach by any other party of any condition or provision of this Agreement to be performed by any other party shall be deemed a waiver of any other provision or condition, nor shall the failure of or delay by any Party in exercising any right, power, or privilege under this Agreement operate as a waiver to preclude any other or further exercise of any right, power, or privilege.

16. <u>Severability</u>. If any provision of this Agreement is found by a court or arbitral authority of competent jurisdiction to be invalid, illegal, or unenforceable in any respect, or enforceable only if modified, such finding shall not affect the validity of the remainder of this Agreement, which shall remain in full force and effect and continue to be binding on the Parties. Any such modification shall become a part of and treated as though originally set forth in this Agreement. If such provision or provisions are not modified, this Agreement shall be construed as if such invalid, illegal, or unenforceable provisions had not been set forth in it. The Parties expressly agree that this Agreement as so modified by the court or arbitral authority shall be binding on and enforceable against each of them.

17. <u>Interpretation</u>. Captions and headings of the sections and paragraphs of this Agreement are intended solely for convenience and no provision of this Agreement is to be construed by reference to the caption or heading of any section or paragraph. Moreover, this Agreement shall not be construed against either Party as the author or drafter of the Agreement.

18. <u>Counterparts</u>. The Parties may execute this Agreement in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same instrument. Delivery of an executed counterpart's signature page of this Agreement, by facsimile, electronic mail in portable document format (.pdf), or by any other electronic means intended to preserve the original graphic and pictorial appearance of a document, has the same effect as delivery of an executed original of this Agreement.

19. <u>Notices</u>. All notices under this Agreement must be given in writing by personal delivery at the addresses indicated in this Agreement. When providing written notice to Defendant,

a copy must be provided to Defendant's attorneys at the address below.

> Notice to Defendant:
> Smith Attorney Group at Law P.C.
> 332 S Michigan Ave
> Suite 121 #5023
> Chicago, Illinois 60604
> (708) 320-3337
> info@saglawpc.com
>
> Notice to Plaintiffs:
> Josh Sanford (AR-2001037)
> Sanford Law Firm,
> PLLC10800 Financial Centre
> Pkwy Suite 510, Little Rock,
> AR 72211(501) 904-1649
> josh@sanfordlawfirm.com
> Attorney for Plaintiffs

20. Section 409A. This Agreement is intended to comply with Section 409A of the Internal Revenue Code of 1986, as amended (Section 409A), including the exceptions thereto, and shall be construed and administered in accordance with such intent. Notwithstanding any other provision of this Agreement, payments provided under this Agreement may only be made upon an event and in a manner that complies with Section 409A or an applicable exemption. Any payments under this Agreement that may be excluded from Section 409A either as separation pay due to an involuntary separation from service, as a short-term deferral, or as a settlement payment pursuant to a bona fide legal dispute shall be excluded from Section 409A to the maximum extent possible. For purposes of Section 409A, any installment payments provided under this Agreement shall each be treated as a separate payment. To the extent required under Section 409A, any payments to be made under this Agreement in connection with a termination of employment shall only be made if such termination constitutes a "separation from service" under Section 409A. Notwithstanding the foregoing, Defendant makes no representations that the payments and benefits provided under this Agreement comply with Section 409A and in no event shall Defendant be liable for all or any portion of any taxes, penalties, interest, or other expenses that may be incurred by Employees/Plaintiffs on account of non-compliance with Section 409A.

21. Acknowledgment of Full Understanding. PLAINTIFFS ACKNOWLEDGE AND AGREE THAT PLAINTIFFS HAVE FULLY READ, UNDERSTAND, AND VOLUNTARILY ENTER INTO THIS AGREEMENT. PLAINTIFFS ACKNOWLEDGE AND AGREE THAT PLAINTIFFS HAVE HAD AN OPPORTUNITY TO ASK QUESTIONS AND CONSULT WITH AN ATTORNEY OF PLAINTIFFS' CHOICE BEFORE SIGNING THIS AGREEMENT. PLAINTIFFS FURTHER ACKNOWLEDGES THAT PLAINTIFFS' SIGNATURE BELOW IS AN AGREEMENT TO RELEASE DEFENDANT FROM ANY AND ALL CLAIMS THAT CAN BE RELEASED AS A MATTER OF LAW.

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the Execution Date above.

TONYA HOWARD:

_/s/ Tonya Howard_

Date: 03 / 07 / 2024

EBONY JOHNSON:

_____

Date:_____

TATE LEGACY INCORPORATED:

_/s/ Darlene Tate_

Darlene Tate, agent of company
Date: 03 / 14 / 2024

DARLENE TATE:

_/s/ Darlene Tate_

Personal capacity
Date: 03 / 14 / 2024

Doc ID: 32e9406962a04e9546632766329cf19525da5507a739b

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the Execution Date above.

TONYA HOWARD:

_____

Date:_____

EBONY JOHNSON:

*[signature]*

Date: 03 / 07 / 2024

TATE LEGACY INCORPORATED:

_____
Darlene Tate, agent of company
Date:_____

DARLENE TATE:

_____
Personal capacity
Date:_____

Doc ID: 62a94ec0426d44e904006276820eb552ce455de339b

Appendix 1 - Payment Plan

| Name | Tonya Howard | Ebony Johnson | Sanford Law Firm |
|---|---|---|---|
| **4/1/2024** | $7,869.13 | $2,130.87 | $0.00 |
| **4/1/2025** | $7,869.13 | $2,130.87 | $0.00 |
| **4/1/2026** | $2,726.34 | $738.26 | $6,535.40 |
| **4/1/2027** | $0.00 | $0.00 | $10,000.00 |
| **Totals:** | $18,464.60 | $5,000.00 | $16,535.40 |

Doc ID: 42c94c0426d4e9040b27e820eb552cea55da139b



Audit trail

| | |
|---|---|
| **Title** | Hello |
| **File name** | 1710426213-Agreem...By_Plaintiffs.pdf |
| **Document ID** | 42c94c0426d4e9040b27e820eb552cea55da139b |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | • Signed |

**This document was requested on saglawpc.cliogrow.com and signed on saglawpc.cliogrow.com**

## Document History

| | | |
|---|---|---|
| SENT | **03 / 14 / 2024**<br>14:24:28 UTC | Sent for signature to Darlene T. Tate (info@becomeataxpro.com) from tsmith@saglawpc.com<br>IP: 174.84.148.52 |
| VIEWED | **03 / 14 / 2024**<br>15:54:08 UTC | Viewed by Darlene T. Tate (info@becomeataxpro.com)<br>IP: 64.233.172.75 |
| SIGNED | **03 / 14 / 2024**<br>15:58:52 UTC | Signed by Darlene T. Tate (info@becomeataxpro.com)<br>IP: 73.247.44.55 |
| COMPLETED | **03 / 14 / 2024**<br>15:58:52 UTC | The document has been completed. |

Powered by Dropbox Sign