**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1**
**Eastern Division**

Tonya Howard, et al.

Plaintiff,

v.

Case No.: 1:22−cv−02817
Honorable Beth W. Jantz

Tate Legacy Incorporated, et al.

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, April 16, 2024:

     MINUTE entry before the Honorable Beth W. Jantz: Plaintiffs have moved to reopen this case [88] based on Defendants' apparent failure to comply with the parties' settlement agreement. In their motion, Plaintiffs request that this Court, quot;reopen the above−styled case, for the purpose of enforcement of their agreement." The Seventh Circuit, in Shapo v. Engle, 463 F.3d 641, 643 (7th Cir. 2006), however, has instructed that a "judge cannot dismiss a suit with prejudice, thus terminating federal jurisdiction, yet at the same time retain jurisdiction to enforce the parties' settlement that led to the dismissal with prejudice." In this case, the parties jointly moved, pursuant to the FLSA, for approval of their settlement, attaching their fully executed settlement agreement. [85] In that motion, the parties requested that this Court "approve the settlement reached between the Parties [and] dismiss the case with prejudice." Their settlement agreement also provided that, "Within three (3) days of complete execution of this Agreement, the Parties will file a Motion for Approval of Settlement and Dismissal with Prejudice in the Action. Defendant's obligations under this Agreement are expressly conditioned on the Court's order dismissing the Action with prejudice," and that "Any action or proceeding by either of the Parties to enforce this Agreement shall be brought only in the state or federal court located in the state of Illinois, county of Cook." [85−1] The Order that the parties drafted for this Court's review and entry also included that this matter would be dismissed with prejudice. [87] Accordingly, the Court granted the parties' joint motion for approval of their settlement and dismissed the case with prejudice. [87] Given the foregoing, and particularly given the controlling Seventh Circuit caselaw, this Court may not reopen this case for enforcement of the parties' settlement agreement. Therefore, Plaintiffs' motion to reopen [88] is DENIED. Mailed notice (jcc,)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please

refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.